[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11170
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00298-WS-N


LINDA MENDENHALL,
STANFORD MENDENHALL,
AMAZING GRACE BED & BREAKFAST,

                                    Plaintiffs - Appellants,

versus

MAYOR HENRIETTA BLACKMUN,
ANDREW CROMER,
CITY OF CAMDEN, AL,
CITY OF CAMDEN ZONING BOARD,

                                    Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 6, 2012)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiffs Linda Mendenhall, Stanford Mendenhall, and Amazing Grace Bed & Breakfast (collectively, "the Mendenhalls") appeal from the district court's final order granting summary judgment to the Defendants City of Camden, the Zoning Board ("Board" or "Board of Adjustment"), Mayor Henrietta Blackmon[1], and attorney Andrew Cromer (collectively, "the Defendants"). The Mendenhalls' complaint alleged that they, as an interracial couple, were discriminated against when the City of Camden's Board of Adjustment denied their request for a special exception to operate a bed and breakfast in a residential area. On appeal, the Mendenhalls argue that the district court erred in granting summary judgment to the Defendants because it: (1) improperly refused to consider their affidavits and attached exhibits; (2) improperly refused to consider a Board member's comment that created a genuine issue of material fact regarding their intentional discrimination claim; (3) improperly allowed the Defendants to brief an issue further; and (4) improperly refused to consider a spoliation claim. After thorough review, we affirm.

We review a district court's evidentiary rulings, including whether to strike an affidavit from the summary judgment record, for abuse of discretion. Telfair v. First

---

[1] This is the spelling used by all the parties and the district court, despite its spelling in the case style.

Union Mortg. Corp., 216 F.3d 1333, 1337 (11th Cir. 2000). We review a district court's decision made in the course of managing its docket for abuse of discretion. See Young v. City of Palm Bay, Fla., 358 F.3d 859, 863-64 (11th Cir. 2004). We review de novo the district court's grant of a summary judgment motion, viewing all evidence and reasonable factual inferences in the light most favorable to the nonmovant. Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1060 (11th Cir. 1994).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact, so that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Genuine disputes of fact exist when the evidence is such that a reasonable jury could return a verdict for the non-movant. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). Factual issues are considered genuine when they have a real basis in the record. Id. Moreover, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); see also Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case, and

3

on which it bears the burden of proof at trial. Acevedo v. First Union Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004). "[I]nferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. Marshall v. City of Cape Coral, Fla., 797 F.2d 1555, 1559 (11th Cir. 1986). Also, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We show leniency to pro se litigants, but we will not serve as de facto counsel or rewrite a pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in, Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Indeed, pro se litigants still must comply with procedural pleading requirements. Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir.2011).

First, we find no merit to the Mendenhalls' argument that the district court abused its discretion in refusing to consider their affidavits and attached exhibits. As the record shows, the Mendenhalls did not reference the relevant parts of these documents in their opposition to summary judgment brief, as required by Fed. R. Civ.

4

P. 56(c). Yet they were required to do this, and comply with any other procedural pleading requirements, even if they were proceeding pro se at this stage of the case. See Moton, 631 F.3d at 1341 n.2. Because they failed to do so, the district court did not abuse its discretion in limiting its review to the specific portions of the exhibits the parties expressly cited in the pleadings.

We are also unpersuaded by the Mendenhalls' claim that comments by one of the Board members was admissible on summary judgment as evidence of intentional race discrimination. Specifically, they rely on the statement of Board Member Darryl Perryman, who allegedly told a pastor also seeking a zoning exception, "You know these white people in this town. They will not let the Mendenhalls open up anything in this town." The Mendenhalls also claim Perryman told them to "liquidate their assets and get out."

Perryman's first statement, however, was introduced to the district court through the pastor's affidavit and was therefore inadmissible hearsay. But even assuming the Mendenhalls could overcome the hearsay bar, they fail to explain how the district court erred in refusing to consider this statement as evidence of intentional race discrimination. As the district court reasoned, there is no evidence that "white people" meant Board members rather than the people "in this town," or that such a statement meant that the two white people on the Board were voting "no" because the

Mendenhalls were an interracial couple; "the white people" could simply not want businesses in residential areas.

As for Perryman's second statement, as the district court observed, this statement is not facially racial, and the Mendenhalls have not shown that the context in which it was made indicates it was racially motivated. Moreover, because the Mendenhalls have not identified any contrary evidence, the district court's interpretation of Perryman's two comments did not amount to fact finding -- as we've said, "inferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. Marshall, 797 F.2d at 1559. In short, we cannot conclude that Perryman's comments, if even true, created a question of fact regarding whether the Board denied the Mendenhall's zoning request due to intentional race discrimination.

Nor, moreover, have the Mendenhalls pointed us to any other genuine issues of material fact regarding their claim of intentional race discrimination.[2] Indeed, the Mendenhalls do not dispute the facts raised by the Defendants that (1) there was an

[2] To the extent the Mendenhalls suggest as evidence of discrimination their assertion that their zoning request for a special exception should have been heard by the City of Camden's Planning Commission rather than the Board, we also are unpersuaded. Not only is there no evidence in the record for this assertion, but the Mendendalls have raised this argument for the first time on appeal and it is therefore waived. See Miller v. King, 449 F.3d 1149, 1150 n.1 (11th Cir. 2006) (holding that, because the pro se plaintiff failed to raise a claim in the district court, we would not consider this claim for the first time on appeal).

abundance of opposition by neighbors based on legitimate concerns that was presented to the Board, (2) the Mendenhalls were not going to live in Camden or the bed and breakfast residence, and (3) there was never any mention of race or interracial marriage being a concern of the Board or anyone in the community who participated in the hearing process. Because the Mendenhalls present nothing to us besides Perryman's comments and mere conclusory opinions, they have waived any other arguments they may have made below, Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (declining to address arguments not made in appeal brief), and have failed to demonstrate any genuine issue of material fact on their claim of intentional discrimination.

Next, we reject the Mendenhalls' claim that the district court abused its discretion in ordering further briefing from the Defendants regarding their arguments for summary judgment on the Mendenhalls' declaratory judgment claims -- which were not based on intentional discrimination and remained pending after the district court's summary judgment ruling. There is absolutely no basis for this argument. For starters, the record shows that the Mendenhalls were repeatedly given additional time to brief and submit evidence, and were given repeated chances to comply with local rules regarding various pleadings, including but limited to, the opposition to summary judgment. Regardless, the district court has wide discretion to receive what

7

information and briefing it deems necessary to make a decision regarding dispositive motions, and the Mendenhalls have not shown how the district court abused that discretion in this case. See Johnson v. Board of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling").

Finally, we are unpersuaded by the Mendenhalls' claim that the district court erred by failing to consider their claim of spoliation of a videotape that broke during a Board meeting. To prove spoliation, a party "must establish, among other things, that the destroyed evidence was relevant to a claim or defense such that the destruction of the evidence resulted in prejudice." Eli Lilly & Co. v. Air Express Int'l, USA, Inc., 615 F.3d 1305, 1318 (11th Cir. 2010). Spoliation may support an "adverse inference" against the spoliating party, but "only when the absence of that evidence is predicated on bad faith." Mann, 588 F.3d at 1310 (quotation omitted).

As the district court pointed out, the Mendenhalls have failed to identify where, in their opposition to summary judgment, or earlier motion for sanctions, they presented a spoliation argument. Rather, there have been, at most, single, passing references in each document. In the opposition to summary judgment, there was a single usage of the term: "The Mayor was also, based on the information and belief [sic], instrumental with the taping of the hearing and subsequent spoliation of the

8

tapes." And, in the motion for sanctions, we find no mention of the term "spoliation," but only that a transcript may been destroyed. No where did they argue how they were prejudiced by the destruction of the transcript, nor that the Defendants acted in bad faith. They also failed to address any controlling legal authority on spoliation.

Under these circumstances, the plaintiff's isolated mention of "spoliation" was wholly inadequate to present a spoliation argument to the district court. An issue must be fairly presented in order to trigger consideration, and a glancing reference without discussion or legal authority does not meet that standard. Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1352 (11th Cir. 2009).

Additionally, even if the argument had been triggered, the Mendenhalls never demonstrate through admissible facts that there was even a potential spoliation issue. The only evidence, which was not discussed or properly submitted to the district court, was that they believed the tape was destroyed on purpose. Such unsupported speculation does not create a question of fact. See Marshall, 797 F.2d at 1559. Accordingly, the district court correctly held in ruling on the motion to reconsider that spoliation was not an issue properly before the court, and did not prevent the court from granting summary judgment.

**AFFIRMED.**